**In Re Anonymous No. 73 D.B. 81**

*Disciplinary Board Docket No. 73 D.B. 81.*

To The Honorable Chief Justice and Justices
   of The Supreme Court of Pennsylvania

HAMMERMAN, *Member,* December 28, 1983—
Pursuant to Rule 218(c) (5) of the Pennsylvania
Rules of Disciplinary Enforcement, the Disciplinary
Board of the Supreme Court of Pennsylvania
(board) herewith submits its findings and recom-
mendations to your honorable court with respect to
the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

The within petition for reinstatement was filed on
January 6, 1983 on behalf of the above petitioner
after a period of suspension of one year from the or-
der of the Pennsylvania Supreme Court dated
December 17, 1981.

The matter was referred to hearing committee
[   ] and upon notice duly made, a hearing was held
on March 22, 1983 and on April 20, 1983 before
[   ].

Thereafter, on November 28, 1983, the report of
the hearing committee was filed recommending
that reinstatement be granted. No exceptions to the
report of the hearing committee [   ] have been filed
by either petitioner or Office of Disciplinary
Counsel.

## II. FINDINGS OF FACT

1. Petitioner is 47 years of age and has been in
the practice of law since 1961 in the City and Coun-
ty of [   ], Commonwealth of Pennsylvania.

2. Petitioner was suspended from the practice of
law for one year by order of the Supreme Court of
Pennsylvania effective December 17, 1981.

3. Petitioner was disciplined for misconduct involving soliciting clients through a paid office employee, filing false contingent fee agreements in the Court of Common Pleas of [ ] County and counselling clients and former clients to testify falsely before the judge assigned to the Special Judicial Investigation.

4. Petitioner complied in all respects with the order of suspension and has not engaged in the practice of law since he was suspended.

5. Petitioner has practiced law approximately 20 years and during his suspension has read the advance sheets on a regular basis. Petitioner has met his burden of maintaining his learning and competency in the law.

6. Petitioner accepted the findings of the Court of Common Pleas of [ ] County and the Supreme Court of Pennsylvania.

7. Petitioner takes responsibility for the charges which were filed against him in the instant disciplinary action.

8. Petitioner, if reinstated, intends to return to the general practice of law, but states that he will never hire a full-time investigator.

9. Petitioner has sought psychiatric help to deal with his problems which led to his suspension to ensure against such self-destructive behavior in the future.

10. Petitioner has suffered the anxiety of the instant charges for a period in excess of 11 years.

11. Petitioner is of the opinion that if readmitted to the practice of law he would not in any conceivable way engage in unethical conduct in the future.

## III. DISCUSSION

The hearing committee duly made its report to the board, following which this board, after an ex-

tensive and complete review of the entire record in this matter, including the report, findings and recommendation of the hearing committee, hereby recommends that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

In order for petitioner to gain reinstatement to the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice, nor subversive of the public interest. See Rule 218(c) (3) (i) of the Pennsylvania Rules of Disciplinary Enforcement.

## A. Competency and Learning in the Law

The hearing committee found, and the Office of Disciplinary Counsel does not challenge, that petitioner has the requisite competency and learning in the law to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

Accordingly, the committee concluded, and this board unanimously concurs, that petitioner has proved, by clear and convincing evidence that he possesses the competency and learning in the law required to practice law in the Commonwealth of Pennsylvania.

## B. Moral Qualifications

The hearing committee found, and the Office of Disciplinary Counsel does not challenge, that petitioner has the moral qualifications prerequisite to

reinstatement to the practice of law in this Commonwealth. His conduct indicates avoidance of even the appearance of practicing law. Petitioner has made good faith efforts to make a living for his family in a capacity other than as an attorney.

The personal observations of the members of the hearing committee of the demeanor and conduct of petitioner, and his character witnesses, [A] and [B], have led them to conclude that petitioner is truly remorseful and contrite with respect to the disciplinary offenses he was found to have committed. Notwithstanding his denial of acting with intent and knowledge, he does admit that what he did was wrong and warranted discipline.

The hearing committee finds that In re Anonymous, 20 D.&C. 3d 421 (1982) is not controlling in this instant case where In re Anonymous, supra, continued to assert his innocence of the crime which led to his suspension, whereas petitioner admits that what he did constituted violations of the disciplinary rules. The hearing committee found that petitioner does have an appreciation of the distinction between right and wrong as will make him a fit and safe person to engage in the practice of law.

In light of the foregoing, this board adopts the following findings of hearing committee [ ] fully and unequivocably, with praise for its competent report, and finds that the record in this proceeding demonstrates that petitioner does in fact possess the prerequisite moral qualifications for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania adopts the following findings of hear-

ing committee [   ] as its findings of fact and conclusions of law in this reinstatement proceeding:

1. Petitioner was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated December 17, 1981 for one year.

2. Petitioner duly applied for reinstatement to the practice of law in the Commonwealth of Pennsylvania on or about January 6, 1983.

3. Petitioner has proved compliance with Rule 217, and he, therefore, has met the conditions precedent to petition for reinstatement.

4. Petitioner has carried the burden and has proved by clear and convincing evidence that he has the moral qualifications and competency and learning in the law required for admission to practice law in this Commonwealth and that the resumption of the practice of law in this Commonwealth by the Petitioner will be neither detrimental to the integrity and standing of the Bar or to the administration of justice nor subversive of the public interest.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne by and paid for by said petitioner.

Mrs. Neuman and Mr. Helwig did not participate in the adjudication.

## ORDER

ROBERTS, *C.J.*, And now, this January 20, 1984, the recommendation of the Disciplinary Board dated December 28, 1983, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.